IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RANDALL JAY CAUGHRON,           §
TDCJ-CID NO. 1224348,           §
                                §
          Petitioner,           §
                                §
v.                              §
                                §    CIVIL ACTION NO. H-05-3815
DOUGLAS DRETKE, Director,       §
Texas Department of Criminal    §
Justice, Correctional           §
Institutions Division,          §
                                §
          Respondent.           §

### MEMORANDUM OPINION AND ORDER

Randall Jay Caughron, proceeding pro se and in forma pauperis, has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 challenging his conviction.  Pending before the court are Caughron's Petition for a Writ of Habeas Corpus by a Person in State Custody ("Fed. Writ. Pet.") (Docket Entry No. 1), Caughron's Memorandum of Law in support of the petition for a writ of habeas corpus ("Fed. Writ. Memo") (Docket Entry No. 3), Respondent Dretke's Motion for Summary Judgement with Brief in Support (Docket Entry No. 17), and Caughron's Reply with Brief in Support to Respondent's Motion for Summary Judgment ("Fed. Writ. Response") (Docket Entry No. 20). For the reasons discussed below, the court will grant Respondent's Motion for Summary Judgment and deny Caughron's Petition for a Writ of Habeas Corpus.

## I.  Procedural History and Claims

Caughron pleaded guilty to the felony offense of burglary of a habitation with intent to commit theft on March 12, 2004, in the 262nd District Court of Harris County.  Ex parte Caughron, No. 52,103-02, at 94-99.  The court assessed punishment of ten years' imprisonment in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID) and a $10,000 fine. Id. at 94-99.  Caughron did not file a direct appeal of his conviction.  Instead, Caughron challenged his conviction in a state petition for a writ of habeas corpus, signed December 2, 2004.[1] Id. at 2-10.  On August 31, 2005, the Texas Court of Criminal Appeals denied Caughron's application without written order on the findings of the trial court and without a hearing.  Id. at cover.

Caughron filed this federal petition on November 9, 2005, asserting that

> (1)  his guilty plea was unknowing and involuntary due to the ineffective assistance of his trial counsel;
>
> (2)  the trial court denied his motion for appointment of new counsel at a proceeding without Caughron's presence;
>
> (3)  the trial court failed to inquire into Caughron's complaints about his attorney; and

---

[1]Caughron filed a previous state petition for a writ of habeas corpus on March 21, 2002, arguing that he was unlawfully denied the application of good-time credits to a prior theft conviction when his parole was revoked.  Ex parte Caughron, No. 52,103-01, at 2. The Texas Court of Criminal Appeals dismissed the petition on May 8, 2002, for failure to exhaust his administrative remedies, citing § 501.0081 of the Texas Government Code.  Id. at cover.

(4) the trial court denied Caughron's right to self-representation.

Jurisdiction is proper either in the district where the person is in custody or the district in which the state court convicted and sentenced the petitioner.  28 U.S.C. § 2241(d).  Because Caughron was convicted and sentenced in Harris County, Texas, jurisdiction properly lies with this court.

## II.   <u>Standard of Review</u>

### A.   Summary Judgment

A court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c). Material facts are facts that may "affect the outcome of the suit under the governing law."  <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S.Ct. 2505, 2510 (1986).  An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Id.</u>

The party moving for summary judgment bears the initial burden of proving the absence of any genuine issues of material fact. Fed. R. Civ. P. 56(e); <u>Celotex Corp. v. Catrett</u>, 106 S.Ct. 2548, 2552 (1986).  Once the movant has met this burden, the non-movant must establish that there is a genuine issue for trial.  <u>Smith v.</u>

-3-

Brenoettsy, 158 F.3d 908, 911 (5th Cir. 1998).  If the non-movant is unable to meet this burden, the motion for summary judgment will be granted.  Fed. R. Civ. P. 56(c).  When considering a summary judgment motion, the court resolves any doubts and draws any inferences in favor of the nonmoving party.  Hunt v. Cromartie, 119 S.Ct. 1545, 1551-52 (1999).  However, the nonmovant cannot rely on conclusory allegations or unsubstantiated assertions to establish that there is a triable issue.  Wallace v. Tex. Tech Univ., 80 F.3d 1042, 1047 (5th Cir. 1996).  Nor is the nonmovant's burden satisfied by casting "some metaphysical doubt as to material facts" or where only a scintilla of evidence has been brought forth.  Fiesel v. Cherry, 294 F.3d 664, 667 (5th Cir. 2002).

In a habeas case the court should liberally construe the petitions of pro se prisoner litigants.  See Haines v. Kerner, 92 S.Ct. 594, 595-96 (1972).  Procedural rules must give way at times "because of the unique circumstance of incarceration."  McNeil v. United States, 113 S.Ct. 1980, 1984 (1993) (citing Houston v. Lack, 108 S.Ct. 2379 (1988)).  Overall, the court holds pro se complaints to "less stringent standards than formal pleadings drafted by lawyers."  Haines, 92 S.Ct. at 596.

## B.   AEDPA

Because Caughron filed his federal petition for a writ of habeas corpus on November 9, 2005, it is subject to review under the amendments to the federal habeas corpus statutes embodied in the Antiterrorism and Effective Death Penalty Act of 1996

-4-

("AEDPA"), which apply to habeas corpus cases filed after its effective date of April 24, 1996.  <u>See</u> 28 U.S.C. § 2254; <u>Lindh v. Murphy</u>, 117 S. Ct. 2059, 2063 (1997).

The provisions of section 2254(d) set forth "a highly deferential standard for evaluating state-court rulings." <u>Lindh</u>, 117 S. Ct. at 2066 n.7.  A federal court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court decision

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[P]ure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), and questions of fact are reviewed under § 2254(d)(2)." <u>Martin v. Cain</u>, 246 F.3d 471, 475-476 (5th Cir. 2001) (quoting <u>Corwin v. Johnson</u>, 150 F.3d 467, 471 (5th Cir. 1998)).

A state court's legal determination is contrary to the established precedent of the Supreme Court only when "the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts." <u>Chambers v. Johnson</u>, 218 F.3d 360, 363 (5th Cir. 2000) (quoting <u>Williams v. Taylor</u>, 120 S. Ct. 1495, 1523 (2000)).  A writ of habeas corpus will issue based on an unreasonable application of federal law only if the

state court "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." <u>Williams</u>, 120 S. Ct. at 1523.

In reviewing a federal habeas petition of a person in state custody, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III.  <u>Analysis</u>

**A.   Ineffective Assistance of Trial Counsel**

The substance of Caughron's habeas petition concerns the validity of his guilty plea.  "A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." <u>Montoya v. Johnson</u>, 226 F.3d 399, 405 (5th Cir. 2000) (citing <u>James v. Cain</u>, 56 F.3d 662, 666 (5th Cir. 1995)).  A petitioner waives all non-jurisdictional defects, including claims of ineffective assistance of counsel, when he voluntarily pleads guilty.  <u>United States v. Glinsey</u>, 209 F.3d 386, 392 (5th Cir. 2000).  There is an exception to this rule, however, when the attorney's ineffectiveness renders the plea involuntary.  <u>Id.</u> Ineffective assistance of counsel can undermine the knowing and voluntary requirements because the plea "would not represent an informed waiver of the defendant's constitutional rights." <u>Bradbury v. Wainwright</u>, 658 F.2d 1083, 1087 (5th Cir. 1981).

-6-

When evaluating whether counsel's ineffectiveness rendered the guilty plea involuntary, the court applies the two-part test announced in <u>Strickland v. Washington</u>, 104 S. Ct. 2052 (1984). First, the petitioner must show that counsel's performance was deficient.   <u>Hill v. Lockhart</u>, 106 S. Ct. 366, 370 (1985); <u>Strickland</u>, 104 S. Ct. at 2064.  In the context of a guilty plea, this means the petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. See <u>Hill</u>, 106 S. Ct. at 369-70.  The petitioner must next show that counsel's deficient performance prejudiced the petitioner.  <u>Hill</u>, 106 S. Ct. at 370; <u>Strickland</u>, 104 S. Ct. at 2064.  This means that the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill</u>, 106 S. Ct. at 370.  If the petitioner makes an insufficient showing on one prong of the test, the court need not address the other. <u>Strickland</u>, 104 S. Ct. at 2069.  The petitioner bears the burden of proof in an ineffective assistance of counsel claim.  <u>Alexander v. McCotter</u>, 775 F.2d 595, 602 (5th Cir. 1985).

Caughron claims that his guilty plea was involuntary because his trial counsel failed to investigate the case, failed to elicit Caughron's version of the facts, failed to seek out any witnesses, failed to visit the crime scene, failed to offer any defense, gave erroneous advice without knowing any of the facts, and relied

-7-

solely on the prosecutor's information.  Fed. Writ. Memo at 2-9.
James Brooks, Caughron's trial counsel, denied the facts alleged by
Caughron and provided his version of the events in a written
affidavit.  Ex parte Caughron, No. 52,103-02, at 82-85.  The state
court weighed Caughron's allegations against Brooks' affidavit and
found that Brooks' affidavit was credible and that Brooks did not
render ineffective assistance of counsel.  Id. at 88-90.

   The trial court entered recommended findings of fact and
conclusions of law based on Caughron's claims.  Ex parte Caughron,
No. 52,103-02, at 88-91.  These recommendations were adopted by the
Texas Court of Criminal Appeals.  Id. at cover.  A federal habeas
court is "bound by the state habeas court's factual findings, both
implicit and explicit."  Young v. Dretke, 356 F.3d 616, 629 (5th
Cir. 2004).  Under AEDPA "a determination of a factual issue made
by a State court shall be presumed to be correct."  28 U.S.C.
§ 2254(e)(1).  "The presumption of correctness not only applies to
explicit findings of fact, but it also applies to those
unarticulated findings which are necessary to the state court's
conclusions of mixed law and fact."  Valdez v. Cockrell, 274 F.3d
941, 948 n.11 (5th Cir. 2001).

   The record adequately supports the state court's findings.
According to Brooks' affidavit, Brooks reviewed the offense report
with Caughron.  Ex parte Caughron, No. 52,103-02, at 83.  Brooks
spoke with the apartment owner, who confirmed the facts stated in

the police report and called Caughron's version of the events
"totally ridiculous." Id. Caughron did not inform Brooks of any
witnesses, and the offense report did not reveal any possible
defense witnesses. Id.

Brooks reviewed Caughron's criminal history, which included
four felony convictions. Id. at 83. The state was threatening to
refile Caughron's case, charging Caughron as a habitual offender,
which would have increased his minimum punishment to 25 years in
the penitentiary. Id. at 84. Because Caughron had no witnesses,
he would have had to testify on his own behalf, and his prior
felony convictions could have been used to impeach him. Id.
Caughron never indicated before the plea that he was innocent or
that he wanted to prove his innocense at trial. Id.

Based on these circumstances, Brooks told Caughron that it
would be in his best interest to accept a plea bargain. Id. at 83-
84. This court concludes that Caughron has failed to rebut "the
presumption of correctness by clear and convincing evidence." See
28 U.S.C. § 2254(e)(1).

Moreover, the record demonstrates that Caughron knowingly and
voluntarily entered into the plea agreement and that he was aware
of its terms and conditions. Caughron initialed and signed
statements claiming that he understood the consequences of his
plea, that he had consulted with his attorney, that he was making
the plea freely and voluntarily, and that he was satisfied with the

representation provided by his counsel.  Ex parte Caughron, No. 52,103-02, at 96-98.  Such statements of voluntariness in open court "carr[y] a strong presumption of verity."  DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994) (citing Blackledge v. Allison, 97 S.Ct. 1621, 1629 (1977)).  A petitioner who later seeks to prove that the statements were not freely and voluntarily made bears a heavy burden.  Id.  Caughron has not met this burden.

Although Caughron may have felt pressured to plead guilty because he was facing the prospect of being assessed a higher punishment, a guilty plea is not considered compelled and invalid solely because the decision to plead guilty was "motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged."  Brady v. United States, 90 S.Ct. 1463, 1470 (1970).  Accordingly, the court concludes that Caughron has failed to overcome the strong presumption that his guilty plea was knowing and voluntary.

**B.   Trial Court Errors**

Caughron claims that the trial court denied his motion for appointment of new counsel at a proceeding at which he was not present.  Caughron argues that he had "a constitutional and statutory right to give supporting testimony and argument to his

motion but was denied this right by the court." Fed. Writ Memo at 13. However, Brooks' affidavit suggests that Caughron did have an opportunity to present his claims at a hearing on Caughron's motion for hybrid representation. Ex parte Caughron, No. 52,103-02, at 84. Caughron and Brooks both agree that Caughron was taken before the court where the court told Caughron that he had a good lawyer and that the court would not appoint a new one. Fed. Writ Memo at 9-10; Ex parte Caughron, No. 52,103-02, at 84. Although Caughron states that this hearing was held after his motion for appointment of new counsel was denied, this assertion is not supported by the record. Caughron has failed to prove that a proceeding was held on his motion for appointment of new counsel at which he was not present. Accordingly, Caughron has failed to show deprivation of a constitutional right.

Caughron also claims that the trial court abused its discretion by failing to inquire into Caughron's complaints about his attorney. A trial court's failure to thoroughly inquire into "a seemingly substantial complaint" about counsel may allow the defendant to properly claim denial of his Sixth Amendment right. United States v. Young, 482 F.2d 993, 995 (5th Cir. 1973) (quoting United States v. Calabro, 467 F.2d 973, 986 (2d Cir. 1972)).

"Normally, a failure to conduct such an inquiry constitutes reversible error." Young, 482 F.2d at 995 (citing United States v. Morrissey, 461 F.2d 666, 669 (2d Cir. 1972)). However, reversal is

-11-

not required where "the record as a whole reflects appellant's claim was insubstantial and that he received vigorous and able representation at trial." <u>Young</u>, 482 F.2d at 995-96.  Here, as discussed above, the state habeas court conducted an inquiry and found that Caughron received effective assistance of counsel.  This court has reviewed the record and concludes that reversal is not required because the record as a whole reflects that "adequate representation had in fact been provided."  <u>See</u> <u>United States v. Dilworth</u>, 524 F.2d 470, 472 n.2 (discussing <u>Young</u>, 482 F.2d at 995-96); <u>see also</u> <u>United States v. Zillges</u>, 978 F.2d 369, 373 (10th Cir. 2002) (holding that a failure to conduct an inquiry is harmless if defendant was not rendered ineffective assistance of counsel).  Accordingly, Caughron has failed to show deprivation of a constitutional right.

Finally, Caughron claims that the trial court denied his right to self-representation.  Caughron filed a motion to proceed <u>pro se</u> on March 10, 2004.  <u>Ex parte Caughron</u>, No. 52,103-02, at 65-69. According to Brooks' affidavit,

> Judge Anderson said that Mr. Caughron could proceed pro se but Mr. Caughron never pursued any attempt to proceed pro se.  There was a motion to proceed pro se filed on March 10, 2004.  This motion was filed by Mr. Caughron but Mr. Caughron never asked me to present this motion to the Court.  Mr. Caughron never indicated to me he wanted to proceed pro se.

<u>Id.</u> at 84.  The state habeas court concluded that Caughron "fail[ed] to show that he clearly and unequivocally asserted his

-12-

right to self-representation." Id. at 90.  This court agrees.  The
right to self-representation may be waived through subsequent
behavior.  Brown v. Wainwright, 664 F.2d 607, 610-11 (5th Cir.
1982) (en banc).  For example, "a defendant waived his right when
after requesting permission to represent himself, he allowed
appointed counsel to plea bargain on his behalf and accepted the
terms of the bargain." Id. (citing United States v. Montgomery,
529 F.2d 1404, 1406 (10th Cir. 1976)).  Although Caughron may have
considered exercising his right to self-representation, he waived
this right when he continued to rely on his trial counsel's advice
to enter a guilty plea.  Accordingly, Caughron has failed to show
the denial of a constitutional right.

## IV.  Certificate of Appealability

Caughron has not yet requested a Certificate of Appealability
("COA") on the claims denied in this Memorandum Opinion and Order,
but the court may rule on a COA sua sponte.  See Alexander v.
Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).  "Unless
a circuit justice or judge issues a certificate of appealability,
an appeal may not be taken to the court of appeals. . . ."  28
U.S.C. § 2253(c)(1).  To obtain a COA Caughron must make a
substantial showing of the denial of a constitutional right.  28
U.S.C. § 2253(c)(2); Tennard v. Dretke, 124 S. Ct. 2562, 2569
(2004).  To make such a showing Caughron must demonstrate that the
issues are debatable among jurists of reason, that a court could

-13-

resolve the issues in a different manner, or that the issues presented are adequate to deserve encouragement to proceed further. Tennard, 124 S. Ct. at 2569.  For the reasons stated in this Memorandum Opinion and Order, Caughron has not made a substantial showing of the denial of a constitutional right.

## V.  Conclusion and Order

For the reasons discussed above, petitioner is not entitled to federal habeas corpus relief.

The court **ORDERS** the following:

1.   Respondent's Motion for Summary Judgment (Docket Entry No. 17) is **GRANTED**.

2.   Caughron's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

3.   A certificate of appealability is **DENIED**.

4.   The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner, and will provide a copy of the petition and this Memorandum Opinion and Order to the respondent and the attorney general by providing one copy to the Attorney General for the State of Texas.

**SIGNED** at Houston, Texas, on this the 28th day of July, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE